## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JABARI MORESE LYLES, | |
| v. | Civil Action No. CCB-21-0566 |
| SANTANDER CONSUMER USA INC. | |

## MEMORANDUM

In this class action lawsuit, Jabari Lyles, on behalf of himself and others similarly situated, alleges that Santander Bank charged unauthorized convenience fees on automobile loan payments in violation of Maryland's Credit Grantor Closed End Credit Provisions. Lyles filed the suit in Maryland state court, but Santander filed a notice of removal to federal court where it was assigned to the undersigned district judge. The parties then filed dueling procedural motions—Lyles to remand to state court and Santander to compel arbitration—which are now pending before the court. The motions have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons set forth below, the court will grant the motion to remand and deny as moot the motion to compel arbitration.

## BACKGROUND

On January 11, 2021, the Maryland Circuit Court for Baltimore City docketed Lyles' class action complaint alleging violations of Maryland's Credit Grantor Closed End Credit Provisions, commonly referred to as "CLEC," against Santander Consumer USA. *See* Compl., ECF 2. On March 4, 2021, Santander filed a notice of removal to federal court under 28 U.S.C. § 1441(a) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal, ECF 1 ("Notice").

The next day, on March 5, 2021, the parties filed the two currently pending motions. Lyles moved to remand the case to state court; Santander moved to compel arbitration. *See* Mot. to Remand, ECF 5; Mot. to Compel Arbitration, ECF 7. The parties fully briefed each motion. *See* Opp'n to Mot. to Remand, ECF 9; Reply in Support of Mot. to Remand, ECF 11; Opp'n to Mot. to Compel Arbitration, ECF 10; Reply in Support of Mot. to Compel Arbitration, ECF 13.

While the parties were briefing those two motions, Lyles moved to certify a question to the Supreme Court of Maryland, then referred to as the Maryland Court of Appeals, related to the application of CLEC's treble damages provision. *See* Mot. to Certify, ECF 12. Lyles asserted that the outcome of the question controlled whether the amount in controversy requirement for removing this case to federal court under CAFA had been satisfied. *Id.* at 6-7. Santander did not oppose the motion. Resp. to Mot. to Certify, ECF 16.

On May 3, 2021, the court granted Lyles' motion to certify a question to the Supreme Court of Maryland. *See* Order, ECF 17. Two weeks later, on May 17, 2021, the court certified the following question:

> If a credit grantor is found to have knowingly violated *Credit Grantor Closed End Credit Provisions* ("CLEC"), Maryland Code Annotated, Commercial Law §§ 12-1001, *et seq*., does CLEC § 12-1018(b) require the credit grantor to return three times: (1) all amounts collected by the credit grantor in excess of the principal amount financed; (2) only those amounts collected that the borrower contends violate CLEC (in this case, the convenience fees); or (3) some other amount.

*See* Certification Order at 1, ECF 19. The court explained that the motion for remand was "wholly dependent on the answer to the question presented for certification." *Id.* at 3.

The Maryland Supreme Court answered the question on May 13, 2022. It concluded that CLEC "requires a credit grantor to return three times the amount of interest, fees, and charges

collected that the borrower contends violate CLEC (in this case, the convenience fees)." *Lyles v. Santander Consumer USA Inc.*, 275 A.3d 390, 394 (2022).

After the Maryland Supreme Court issued its answer to the certified question, Lyles moved to reopen this case. Mot. to Reopen, ECF 21. Santander filed a brief agreeing that the case should be reopened, but reiterating its opposition to the remand motion notwithstanding the Maryland Supreme Court's agreement with Lyles on the certified question. Response to Mot. to Reopen, ECF 26. On June 15, 2022, the court reopened the case. Order, ECF 27. It then ordered supplemental briefing in light of the Maryland Supreme Court's decision. Order, ECF 31.

On July 13, 2022, Santander filed its supplemental response to the remand motion. Suppl. Opp'n to Mot. to Remand, ECF 32. Lyles filed his supplemental reply two weeks later, completing briefing of the motion. Suppl. Reply in Support of Mot. to Remand, ECF 33.

With this briefing complete, both the motion to remand and the motion to compel arbitration are ripe for review.

## LEGAL STANDARDS

As courts of limited jurisdiction, federal district courts "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Accordingly, where an action originally filed in state court is removed to federal court and then met with a motion to remand to the state forum, the removing party carries the burden of demonstrating federal jurisdiction. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

Under these principles, removal jurisdiction ordinarily is strictly construed, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)), and "[d]oubts about the propriety of removal are to be resolved in favor of remanding the case to state court," *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012). Congress enacted the Class Action Fairness Act, or "CAFA," to "facilitate adjudication of certain class actions in federal court," however, so "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Nevertheless, a "defendant invoking CAFA to remove a class action from state court must" timely "file a notice of removal in the proper district court" plausibly alleging federal jurisdiction. *See Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017). If the plaintiff challenges removal, the defendant "bears the burden of *demonstrating* that removal jurisdiction is proper." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008). The defendant must proffer evidence, which the plaintiff may rebut with evidence of its own, providing the basis for removal. *See Scott*, 865 F.3d at 194. Ultimately, "the court decides, by a preponderance of the evidence, whether" the removing party has established federal jurisdiction. *Dart Cherokee*, 574 U.S. at 88. As always, the court must remand the case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## ANALYSIS

Under the Class Action Fairness Act—"CAFA"—federal district courts have "jurisdiction over putative class actions with (1) more than 100 class members, (2) an aggregate amount in controversy exceeding $5,000,000, and (3) minimal diversity between the parties." *Scott*, 865 F.3d

at 192 (footnote omitted) (quoting 28 U.S.C. §§ 1332(d)(2), (5)). The parties agree that the putative

class here exceeds 100 members with minimal diversity from the defendant, so the court's

jurisdiction turns on whether the amount in controversy exceeds $5,000,000. "The key inquiry in

determining whether the amount-in-controversy requirement is met is not what the plaintiff will

actually recover but 'an estimate of the amount that will be put at issue in the course of the

litigation.'" *Scott*, 865 F.3d at 196 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.

2008)). "The amount of this estimate is 'fixed at the time the notice of removal is filed.'" *Francis

v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 667-68 (D. Md. 2012), *aff'd,* 709 F.3d 362 (4th Cir. 2013)

(alterations omitted) (quoting *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th

Cir. 2008)).

      At "the time the notice of removal" in this case was filed, *see id.*, the amount in controversy

was approximately $3,579,265.60—well short of the CAFA threshold. In his complaint, Lyles

alleged three sets of damages: (1) $6,372.67 charged in excess of the principal owed; (2)

$15,603.54 in outstanding balance; and (3) $131.40 in unauthorized convenience fees. Compl. ¶¶

22, 29, 30; *see* Compl. at 8-9 nn.1-2. As the Supreme Court of Maryland explained in response to

the certified question, CLEC's treble damages provision "requires a credit grantor to return three

times the amount of interest, fees, and charges collected that the borrower contends violate CLEC

(in this case, the convenience fees)." *Lyles v. Santander Consumer USA Inc.*, 275 A.3d 390, 394

(2022). Applying that multiplier to Lyles' third category of damages, unauthorized convenience

fees, raises the amount to $394.20. All told, then, the total personal damages Lyles appears to put

at issue is $22,370.41.[1] Assuming, as both parties did at the time of removal, that the putative class

---

[1] For the reasons discussed below, the court does not consider pre- or post-judgment interest in
calculating this amount.

size is 160 members and that Lyles' damage potential is a suitable proxy for other class members', the total amount at issue is $3,579,265.60.[2] This amount in controversy falls short of CAFA's $5,000,000 threshold, so the court must remand the case.

Santander offers three rejoinders to this assessment of the amount in controversy. Specifically, it argues that (1) the class size and average potential damages per-plaintiff have increased since it filed its notice of removal; (2) the amount in controversy must account for attorneys' fees; and (3) the amount in controversy must include prejudgment interest. The court addresses each argument in turn.

First, Santander asserts that its class size and per-plaintiff damage projections have increased since it filed its notice of removal and that both figures will continue to grow throughout this litigation. As Santander explains, that is because it has continued to, and may yet, collect above-principal payments from customers who fit the plaintiff's putative class definition. Moreover, if these class members continue making above-principal payments as the case proceeds, each borrower's potential recovery will continue to increase. To illustrate, Santander now offers evidence that the putative class size is "at least 184" (and growing), and that using Lyles' formula, his potential damage award is now $24,214.64 (and growing). *See* Opp'n to Mot. to Remand at 7-9; Suppl. Decl. of Randy Bockenstedt ¶¶ 7-12. Multiplying the new class size by the new average damage amount, "the amount in controversy begins at $4,445,493.76." Opp'n to Mot. to Remand at 8.

---

[2] The 160-plaintiff projection was based on the declaration of the defendant's Senior Director of Collections, Randy Bockenstedt, who analyzed Santander's accounts using Lyles' class definition to reach this estimate. Decl. of Randy Bockenstedt ¶ 6, ECF 1-2.

As discussed above, however, the removing party's amount in controversy "estimate is 'fixed at the time the notice of removal is filed.'" *Francis*, 869 F. Supp. 2d at 667-68 (quoting *Dennison*, 549 F.3d at 943). Although Santander did introduce evidence that the putative class size was "*at least* 160" customers when it removed the case, it did not purport to estimate by how much the class size might grow, and it used 160 as the basis for its amount in controversy estimate. *See* Notice ¶ 19 (emphasis added); Decl. of Randy Bockenstedt ¶ 6; Opp'n to Mot. to Remand at 17-18. Similarly, the defendant did not allege in its notice of removal that the average per-plaintiff damage award would increase during the litigation, nor did it attempt to project the future value of that amount; instead, as the court has above, it relied on the allegations in the complaint. *See id.* ¶¶ 13-19; Opp'n to Mot. to Remand at 20. As a result, the court will not consider Santander's revised class size or damages projections, nor will it "speculate" as to how much Santander's initial estimates may increase in the future. *See Scott*, 865 F.3d at 197 (the removing party "must provide enough facts to allow" the "court to determine—not speculate—that it is more likely than not that the class action belongs in federal court").[3]

Second, Santander contends that the amount in controversy must account for attorneys' fees. Santander merely speculates, however, that adding attorneys' fees to the class's damage amount would "easily" take the amount in controversy above $5 million. Suppl. Opp'n to Mot. to Remand at 9. But it provides no concrete "facts" that would allow the "court to determine" the

---

[3] Santander's new estimate cannot properly be considered as a successive removal petition because there has been no "change of circumstances" revealing "a *new and different* ground for removal." *Roy v. Titeflex Corp.*, RDB-15-3466, 2016 WL 3541241, at *4 (D. Md. June 29, 2016) (quoting *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015)). Santander's latest projections are based solely on its internal data and are thus wholly independent of the Maryland Supreme Court's intervening decision on the certified question—the only "change of circumstances" to which Santander points. *See* Suppl. Opp'n to Mot. to Remand at 13 n.7. And in any event, Santander's revised amount in controversy projection is $4,445,493.76—still short of CAFA's $5,000,000 minimum.

class's attorneys' fees could approach the nearly $1.5 million necessary to fill the shortfall between the class's potential damages and CAFA's threshold. *See Scott*, 865 F.3d at 197. Moreover, the complaint "did not allege entitlement to attorneys' fees," because, the plaintiff represents, he does not believe he is "entitled to statutory or contractual attorneys' fees should he prevail." Suppl. Reply in Support of Mot. to Remand at 9; *see* Compl. at 8-9. Whether or not that legal determination is correct, Lyles' omission of attorneys' fees in the complaint, and his subsequent representation here that he will not seek them from the court, bar him from recovering such fees should he ultimately prevail at trial. For both these reasons, the potential for attorneys' fees cannot raise the amount in controversy above CAFA's minimum.

Third, Santander argues the amount in controversy must include prejudgment interest. The complaint does seek "pre-judgment and post-judgment" interest, Compl. at 9, but under CAFA, federal jurisdiction lies only where "the matter in controversy exceeds the sum or value of $5,000,000, *exclusive of interest* and costs," 28 U.S.C.S. § 1332(d)(2) (emphasis added); *see Skipper v. CareFirst BlueChoice, Inc.*, DLB-21-1022, 2023 WL 2410858, at *3 n.3 (D. Md. Mar. 8, 2023) (citing *Parker v. Goldman Sachs Mortg. Co. Ltd. P'ship*, 596 F. Supp. 3d 559, 566 (D. Md. 2022)).[4] Santander cites no authority for the proposition that the court may consider prejudgment interest in assessing the amount in controversy here notwithstanding CAFA's plain text. *See* Suppl. Opp'n to Mot. to Remand at 9. Accordingly, the court will not consider "prejudgment interest" in "determining if the jurisdictional minimum is satisfied." *Skipper*, 2023 WL 2410858, at *3 n.3.

---

[4] Unpublished opinions are cited for their persuasive value only, not as precedential authority.

All told, the maximum amount in controversy the court can discern from the parties' evidence in support of the notice of removal and motion to remand is $3,579,265.60. That amount is below CAFA's $5,000,000 threshold, so the court will grant the motion to remand the case. With the action remanded to state court, the motion to compel arbitration will be denied as moot.

**CONCLUSION**

For the reasons stated above, the motion to remand will be granted and the motion to compel arbitration will be denied as moot.

A separate order follows.


 __April 17, 2023__                                    _____/s/_____
Date                                                   Catherine C. Blake
                                                       United States District Judge